UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-21954-CIV-HUCK/SIMONTON

PIERRE CASSEUS,

    Plaintiff,

vs.

R & J OF SOUTH FLORIDA, INC., d/b/a
RICK'S BAR & GRILL; RODOLFO JASPER;
FIRST EAGLE, LLC and SIEWDEO MAHRAJ,

    Defendants.
_____/

## ORDER DISMISSING ACTION WITHOUT PREJUDICE AS TO CERTAIN DEFENDANTS FOR MISJOINDER

THIS MATTER is before the Court upon Plaintiff's Notice of Good Cause in Response to the Court's Order to Show Cause, filed August 7, 2007 (DE # 5). Upon a *sua sponte* review of the Amended Complaint filed August 1, 2007 (DE # 3-2), the Court Ordered Plaintiff to show cause as to how his joinder of the Defendants in this action complies with Rule 20, Federal Rules of Civil Procedure. Rule 20 allows the joinder of defendants in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Here, Plaintiff, Pierre Casseus, is suing two different employers, R & J South Florida, Inc. and First Eagle, LLC, and their respective director/owners, individually, for distinct violations of the Fair Labor Standards Act. Moreover, the violations are alleged to have taken place at different periods of time, from February 3, 2003 through March 10, 2006 and from March 10, 2006 through December 22, 2006. The only connection between both employers is that they each employed Plaintiff at the same restaurant location. The Court finds that, under the circumstances alleged in the Amended Complaint, the joinder of both employers does not comply with Rule 20. The right to relief Plaintiff claims against each defendant does not "arise out of the same transaction, occurrence or series of transactions or occurrences." Instead, the period of time during which each Defendant employed Plaintiff and each Defendant's alleged violations of the Fair Labor Standards Act was a distinct "transaction, occurrence or series

of occurrences" for the purpose of Rule 20.    Accordingly, it is hereby

ORDERED that this action is DISMISSED, without prejudice, as to Defendants, First Eagle, LLC and Siewdeo Mahraj.  The action will proceed only with respect to Defendants, R & J of South Florida, Inc., d/b/a Rick's Bar & Grill and Rodolfo Jaspar.

DONE AND ORDERED in Chambers, Miami, Florida, this 15th day of August, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record